[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff housing authority brings this residential summary process action for nonpayment of rent after judgment had been rendered in favor of the defendant in a prior summary process action.[1] In her answer, the defendant denies the existence of a lease and alleges in her special defenses: 1) the equitable doctrine against forfeiture and 2) no rental agreement existed between the parties.
Based upon the evidence presented at trial, the court finds the following pertinent facts. The prior action between the parties went to judgment on January 3, 1995; judgment entered in favor of this defendant.[2] No rent was tendered at any time in January. The Notice to Quit was served on February 3, 1995 pursuant to C.G.S. § 47a-2(c) for nonpayment of January rent. Thereafter, the defendant attempted to tender a cashier's check representing unpaid use and occupancy from May 1994 through February 1995[3], and the tender was refused. At no time after January 3, 1995, did the plaintiff communicate with the defendant regarding reinstatement. As of the date of the trial, the defendant was ready, willing and able to tender the entire amount due to the plaintiff in unpaid use and occupancy and rent.
Discussion
The same issue arises in the defendant's denial of ¶ 1 of the complaint and the defendant's second special defense: was the defendant automatically reinstated under the rental agreement that existed between the parties prior to the April 11, 1994 Notice to Quit when judgment entered in her favor on January 3, 1995? If the answer is yes, then is the plaintiff under any obligation to notify the defendant of her reinstatement?
The Appellate Court answered the first question "yes" in CT Page 8539Housing Authority v. Hird, 13 Conn. App. 150, 155 (1988) where it found that because the tenant ultimately prevailed in the summary process action, that judgment "revived" the original lease agreement that had been terminated by the notice to quit. Here, the defendant argues that the April 11, 1994 Notice to Quit terminated the lease agreement, creating a tenancy at sufferance, and the plaintiff never reinstated the defendant as a tenant, thus defeating this action for nonpayment of rent in January 1995. Notwithstanding this argument and relying in part upon the above case law, the court finds that the January 3, 1995 judgment in the defendant's favor invalidated the April 11, 1994 notice to quit and reinstated the defendant under the lease arrangement prior to that notice to quit. See also Wyngate, Inc. v. Bozak,Inc., H-555, p. 4 (1984) (Aronson, J.) ("a final judgment has been entered holding that the lease between the parties has not been terminated and is still in full force and effect.") As to the second question the court finds no basis at law to require the unsuccessful plaintiff to notify the defendant of her reinstatement after judgment entered in her favor. However, the court will consider the actions of both parties subsequent to January 3, 1995 in considering the merits of the first special defense of equitable nonforfeiture.
In Cumberland Farms Inc. v. Dairy Mart, Inc., 225 Conn. 771,777 (1993), the Supreme Court reaffirmed its holding in Fellowsv. Martin, 217 Conn. 57, 62-63 (1991), and said "[e]quitable defenses and counterclaims implicating the right to possession are available in summary process actions." Accordingly, the court finds that the first special defense is properly before this court.
In deciding whether to grant the equitable relief requested, the court is guided by the factors set forth in both theCumberland and Fellows decisions.
 Equitable principles barring forfeitures may apply to summary process actions for nonpayment of rent if: (1) the tenant's breach was not willful or grossly negligent; (2) upon eviction the tenant will suffer a loss wholly disproportionate to the injury to the landlord; and (3) the landlord's injury is reparable.
Cumberland, supra, 225 Conn. At 778.
Here, the court is presented with an elderly and physically CT Page 8540 frail tenant who resides in housing furnished by the plaintiff municipal housing authority. See Housing Authority v. Parker,
H-976, 7 Conn. L. Rptr. 422, 7 CSCR 1185 (1992) (Holzberg, J.) ("The [housing authority] is a governmental agency whose primary purpose is to provide affordable housing to low and moderate income persons.")[4] Based upon the testimony and observation of the defendant and her witnesses, the court finds that her nonpayment was not willful nor grossly negligent. In considering the fact that the plaintiff took no action as to the defendant in any way prior to the service of the Notice to Quit on February 3, 1995, and that the defendant attempted to tender the full amount due as of February 10, 1995, the court also finds that the second and third factors are met in this case[5]. In addition, because of the type of housing she enjoys, the defendant if evicted would lose "what amounts to a perpetual lease with a reasonable expectation of continued occupancy for an indefinite period of time." EastHartford Housing Authority v. Parker, H-976, 7 Conn. L. Rptr. 422,7 CSCR 1185, (1992) (Holzberg, J.). Finally, the defendant is ready and able to immediately become current on her rent and use and occupancy.
As Judge Holzberg noted in Housing Authority v. Parker,
supra, this equitable relief from forfeiture should be granted only in cases where the court has carefully considered the particular facts and circumstances in light of the factors set forth in Cumberland and Fellows. While "equity abhors a forfeiture," (Fellows v. Martin, 217 Conn. at 217), this relief should not be granted simply because the defendant will suffer a hardship. In this case however, the court finds that based on the facts and circumstances as to each of the above mentioned factors, this relief is warranted.
Accordingly, for the above reasons, the court finds that the defendant has proven the allegations of her first special defense and that equity bars a forfeiture in this case. Judgment may enter in favor of the defendant. If the defendant does not pay to the plaintiff the full amount less the monies being held by the Clerk of the Court due to the plaintiff as of the date of trial ($4550 minus $650) within ten days of notice of this judgment, the court invites a motion to open judgment. The defendant is further ordered to pay the plaintiff use and occupancy for the month of July no later than ten days after notice of this judgment[6]. The Clerk of the Court is ordered to release the monies deposited by the defendant to the plaintiff forthwith. CT Page 8541